UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION

| | | |
|---|---|---|
| Evora Rubio, et al. v. Lara Jeanine Arndal, M.D., et al., | ) | |
| E.D. California C.A. No. 1:13-00027 | ) | MDL No. 2327 |

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order that conditionally transferred this action (*Rubio*) to MDL No. 2327. Responding defendants Ethicon, Inc. and Johnson & Johnson, Inc. (collectively Ethicon) oppose the motion to vacate.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that this action shares questions of fact with MDL No. 2327. Like many of the already-centralized actions, the *Rubio* action involves factual questions arising from allegations that a pelvic surgical mesh product manufactured by Ethicon and related entities was defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the device. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motion to vacate, plaintiffs argue that this action was improperly removed and plaintiffs' motion to remand to state court is pending. The Panel has often held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Moreover, the Eastern District of California has stayed the *Rubio* action and denied the motion to remand as moot.

---

[*] Judge John G. Heyburn II did not participate in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION



Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.     Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan